CROWELL v. ONE HUNDRED AND NINETY-FOUR SHAWLS. See Case No. 10,521.

---

## Case No. 3,446.

### CROWELL v. PARMENTER et al.

[3 Ban. & A. 480;[1] 18 O. G. 360.]

Circuit Court, D. Massachusetts. Sept. Term, 1878.

#### INFRINGEMENT BY LICENSEE—INJUNCTION.

1. Where the complainant licensed the defendant, and, as a part of the contract, agreed that he would sell no licenses for less than a certain price, and the defendant having failed to pay his royalties, the complainant filed his bill for infringement, and moved for a preliminary injunction, upon which motion, it was shown that the complainant had granted licenses for a less consideration and in such a way as to injure the defendant: Held, that the injunction should be refused.

2. Under such circumstances, a court of equity will not grant an injunction to the complainant in advance of the trial or hearing at which the accounts and damages may be properly adjusted between the parties.

[In equity. Bill by Elisha Crowell to restrain Henry A. Parmenter from infringing letters patent No. 90,334, granted to John Atwood, May 25, 1869, for an improved process of curing and putting up fish. The complainant moves in this and in nine other cases, the titles of which appear in the opinion herein, for a preliminary injunction.]

John R. Bennett, for complainant.

Charles Levi Woodbury and Charles P. Thompson, for defendants.

LOWELL, District Judge. The motions in this case, and several others (No. 944a, v. George G. Tarr; No. 945, v. George W. Adams; No. 945a, v. Sylvanus Smith; No. 946, v. Charles H. Pew; No. 946a, v. James G. Tarr; No. 947, v. J. J. Stanwood; No. 947a, v. James L. Shute; No. 948, v. Charles C. Cressey, and No. 948a, v. Samuel Lane), are founded on the same patent for curing and putting up fish which is relied on in Crowell v. Harlow [Case No. 3,444]. In the cases now under consideration, the several defendants had, as tenants in common, an exclusive license or grant, which, as they contend, gives them full power to use the invention to the

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

end of the term. They admit a failure to pay the royalties agreed on, but contend that the license is not conditional, and that no right of resuming his grant has been reserved to the plaintiff, but that he must bring his action at law for the royalties, or his suit in equity for an account of those royalties, from time to time as he may be injured; a different and less stringent remedy than that which is sought by this bill.

I shall not discuss this issue at the present time. I shall assume that, under the frame of the bill, the plaintiff can have some remedy in this court as well as in a court of law. The reason why I refuse this preliminary and peremptory injunction moved for is, that by the contract between the parties, and as a part of it, in consideration of the agreements on the part of the defendants, the plaintiff agreed that he would sell no licenses for less than a certain price, and there are numerous affidavits which declare that he has sold such licenses for a very much smaller consideration, and in a way which seemed intended to deceive the defendants, and which would seem calculated to injure them in their exclusive rights. These affidavits are wholly uncontradicted, and must be taken at this hearing to be true. Under these circumstances, a court of equity cannot lend its most stringent remedy to the plaintiff in advance of the trial or hearing, at which the accounts and damages may be properly adjusted between the parties. Motion denied.